**UNITED STATES of America,
Plaintiff,**

v.

**APPROXIMATELY 633.79 TONS OF YELLOWFIN TUNA, Defendant,**

**R. A. Watt, Defendant and Claimant.**

**Civ. No. 74–154–GT.**

United States District Court,
S. D. California.

Oct. 15, 1974.

**660**

Harry D. Steward, U. S. Atty., John R. Neece, Asst. U. S. Atty., San Diego, Cal., and William E. Gwatkin, III, Atty. in charge, Admiralty and Shipping Section, Allan J. Weiss, Admiralty and Shipping Section, San Francisco., Cal., for plaintiff.

Cox, Castle, Nicholson & Weekes by Lawrence Teplin, Los Angeles, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

GORDON THOMPSON, Jr., District Judge.

This matter is before the court on defendant and claimant R. A. Watt's motion to dismiss filed pursuant to the Federal Rules of Civil Procedure 12(b). The underlying action is founded upon the alleged taking of yellowfin tuna in a manner in violation of the Tuna Conventions Act of 1950, as amended, 16 U.S.C. §§ 951–961 (1974), and the regulations promulgated thereunder (50 C.F.R., Part 280). Defendant contends that the Act is unconstitutional for two distinct reasons: one, it demonstrates an unconstitutional delegation of legislative power; and two, it is void for uncertainty.

After a thorough examination of the issues involved in the motion, this court must conclude that defendant's contentions are without merit and that the Act is constitutional.

A review of the Act must begin with the understanding that statutes should be construed, whenever possible, so as to uphold their constitutionality. United States v. Vuitch, 402 U.S. 62, 91 S.Ct. 1294, 28 L.Ed.2d 601 (1971); United States v. Crosson, 462 F.2d 96 (9th Cir. 1972), cert. denied, 409 U.S. 1064, 93 S.Ct. 569, 34 L.Ed.2d 517 (1973).

Defendant's first argument, that the Act is invalid due to an overbroad delegation of legislative power, is based upon two cases, A. L. A. Schechter Poultry Corp. v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935), and Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446 (1935).[1]

---

1. It is interesting to note that in support of its contention that the Act is an unconstitutional delegation of legislative power, defendant cites the only two Supreme Court decisions which found unlawful delegation and ig- nores the legion of decisions that uphold wide grants of authority.

See 1 Davis, Administration Law Treatise, §§ 2.03 and 2.04 (1958).

Counsel contends that the Act is unconstitutional because no "policy" has been established in the legislation and the intent of Congress is therefore unclear.

This argument must fail for a number of reasons. Initially, counsel's reliance on the absence of a clear statement of purpose or policy totally ignores numerous passages contained in the Act. This becomes abundantly clear when one reviews both the Tuna Conventions Act of 1950, 16 U.S.C. § 951 et seq. (1974), and The Convention for the Establishment of an Inter-American Tropical Tuna Commission, September 1, 1949, 1 U.S.T. 230, T.I.A.S. No. 2044.

The preamble to the Act and 16 U.S.C. § 955(c) reflect a congressional purpose to establish a flexible conservation program for the preservation of an international resource. Noting the difficulty of precisely defining conservation measures in advance of scientific research and studies, Congress deliberately left the promulgation of regulations to the Secretary of the Interior. 16 U.S.C. § 955(c) (1974).

Where, as here, the Congress acknowledges an administrator's superior ability to implement a conservation program, the power to delegate should be and is especially broad. Lichter v. United States, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694 (1948).

It is not necessary that Congress supply administrative officials with a specific formula for their guidance in a field where flexibility and the adaptation of the congressional policy to infinitely variable conditions constitute the essence of the program. "If Congress shall lay down by legislative act an intelligible principle . . . such legislative action is not a forbidden delegation of legislative power." Hampton Co. v. United States, 276 U. S. 394, 409, 48 S.Ct. 348, 352, 72 L.Ed. 624. *Id.*, 334 U.S. at 785, 68 S.Ct. at 1316.

The argument that the courts must compel Congress to state an intelligible principle to guide all exercise of delegated power incorrectly assumes that the only wisdom to be found in the various organs of government is entirely concentrated in the legislative body. The difficulty and complexity of some types of policy determination requires that Congress should be allowed to provide for a broad range of administrative discretion. When dealing with the variables associated with the tuna resource a broad delegation of authority, as found in this Act, is perfectly reasonable and is consistent with existing case law. *See* Lichter v. United States, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694 (1948); American Power & Light Co. v. S. E. C., 329 U.S. 90, 67 S.Ct. 133, 91 L.Ed. 103 (1946); Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944); Kelly v. U. S. Department of Interior, 339 F.Supp. 1095 (E.D.Cal. 1972).

Based upon the authorities cited above, this court must reject defendant's argument that the Act evidences an overbroad delegation of legislative authority.

Additionally, another persuasive reason for denying defendant's motion exists. The statutes in question were enacted to implement the provisions of an international convention. The problems associated with delegation of power in the regulation of foreign relations were considered in United States v. Curtiss-Wright Export Corp., 299 U.S. 304, 57 S.Ct. 216, 81 L.Ed. 255 (1936). There the Court indicated that the separation of powers standard of delegation, applied to domestic affairs in *Panama* and *Schrechter,* does not apply in the foreign affairs sphere. This does not mean that simply because a statute deals with foreign relations, it can grant the executive totally unrestricted freedom of choice. Zemel v. Rusk, 381 U.S. 1, 17, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1965). But it does suggest that, when considering a delegation of authority to engage in international negotiations, only the most clear abuse or true congressional

abdication[2] or a violation of individual constitutional rights[3] should lead to the invalidation of the legislation by the courts. Here no such infirmities can be found.

■ Counsel for the defendant also raises the argument that the Act is void for uncertainty. Title 16 U.S.C. § 957 (a) makes it unlawful for any person to engage in fishing in violation of any regulation adopted pursuant to Title 16 U.S.C. § 955(c). All fish taken in violation of subsection (a) may be forfeited. Section 955(c) provides for publication of regulations in the Federal Register which, on an annual basis, reflect the position of the Tuna Convention. These regulations define the areas from which yellowfin tuna may be taken, quotas and limits and the length of the open season. As recommendations, promulgated by the Convention are approved, pursuant to the statute, changes are reflected in the C.F.R.

Because these regulations may change from time to time, counsel contends the Act lacks the definiteness and certainty required by considerations of due process. While it is true that the regulations are subject to change, it can hardly be held that anyone is subject to forfeiture without proper notice. The regulations are clear and are readily available to the public. The procedures detailed in the Act are sufficient to insure that no one will be subject to penalties in criminal prosecution due to questionable or unclear legislation.

In Jordan v. De George, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951), the court stated, in a characteristic comment on "the 'void for vagueness' doctrine":

> Impossible standards of specificity are not required . . . . The test is whether the language conveys sufficiently definite warning as to the prescribed conduct when measured by common understanding and prac-

tices. *Id.* 341 U.S. at 231–232, 71 S.Ct. at 708.

Title 16 U.S.C. §§ 955 and 957 certainly meet the requirements of this test.

Accordingly, it is the order of this court that defendant's motion to dismiss should be and hereby is denied.

---

2. A.L.A. Schechter Poultry Corp. v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935).

3. Kent v. Dulles, 357 U.S. 116, 78 S.Ct. 1113, 2 L.Ed.2d 1204 (1958) ; Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957).